**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-1145-WJM-BNB

FEDERAL FRUIT & PRODUCE COMPANY, a Colorado corporation

    Plaintiff,

v.

LIBORIO MARKETS #9, INC., a California corporation, in its corporate capacity d/b/a RANCHO LIBORIO,
LIBORIO MARKETS #11, INC., a California corporation d/b/a RANCHO LIBORIO,
LIBORIO COLORADO HOLDING COMPANY, a California corporation in its corporate capacity d/b/a RANCHO LIBORIO,
LIBORIO HOLDING COMPANY, a California corporation in its corporate capacity d/b/a RANCHO LIBORIO,
TRIPLE A. GROCERS, INC., a California corporation in its corporate capacity d/b/a LIBORIO MARKETS,
JOHN ALEJO, in his corporate and individual capacity,
RANDY ALEJO, in his corporate and individual capacity,
ENRIQUE M. ALEJO, in his corporate and individual capacity, and
ANTHONY TRUJILLO, in his corporate and individual capacity

    Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND SETTING HEARING ON PRELIMINARY INJUNCTION**

---

Plaintiff Federal Fruit & Produce Company ("Plaintiff") brings this action against Liborio Markets #9, Inc., *et al.* ("Defendants") alleging violations of various provisions of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499 *et seq*. (ECF No. 1.) Contemporaneous with the filing of the Complaint, Plaintiff filed a Motion for Temporary Restraining Order Without Notice and Preliminary Injunction ("Motion"). (ECF No. 5.) For the reasons set forth below, the Motion is granted.

## I.  BACKGROUND

Plaintiff Federal Fruit & Produce Company is a Colorado corporation that sells wholesale quantities of perishable agricultural commodities.  (Compl. ¶ 3.)  Defendants are various corporate entities who are licensed to act as dealers and commission merchants of perishable agricultural commodities, as well shareholders, officers, and directors of these entities.  (*Id*. ¶¶ 4-13.)

Between February 11, 2011 and September 17, 2011, Plaintiff sold Defendants fresh produce worth $305,841.70.  (*Id*. ¶ 15.)  Of that amount, $266,646.95 remains unpaid.  (*Id*.)  Each of the outstanding invoices sent by Plaintiff to Defendants contained the following language:

> The Perishable Agricultural Commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(C) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499E(C)).  The Seller of these Commodities retains his trust claim over these commodities, all inventories of food or other products derived from these commodities and any receivables or proceeds from the sale of these commodities until full payment is received.

(*E.g.*, ECF No. 1-1 at 7.)

Plaintiff has contacted Defendants in recent months to collect payment but has been unsuccessful.  (Kouba Decl. (ECF No. 6-1) ¶ 10.)  Plaintiff believes that Defendants are "experiencing severe financial difficulty."  (*Id*. ¶ 9.)  Eight companies related to Defendants have filed for bankruptcy within the past twenty days.  (*Id*. ¶ 10.)

## II. ANALYSIS

### A. Entitlement to Injunctive Relief

To prevail on a motion for injunctive relief, the movant must establish that four equitable factors weigh in his favor: (1) he is substantially likely to succeed on the merits; (2) he will suffer irreparable injury if the injunction is denied; (3) his threatened injury outweighs the injury the opposing party will suffer under the injunction; and (4) the injunction would not be adverse to the public interest. *See Westar Energy, Inc. v. Lake*, 552 F.3d 1215, 1224 (10th Cir. 2009). "[B]ecause a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003).

The Court finds that Plaintiff has satisfied each of these four prongs. First, Federal regulations provide that payment for perishable agricultural commodities is due no later than 30 days after delivery. *See* 7 C.F.R. § 46.2(aa). Plaintiff has submitted invoices showing that it delivered produce to Defendants through most of 2011 but has still yet to be paid for much of this. (ECF No. 1-1; Kouba Dec. ¶ 6.) Plaintiff has submitted a sworn statement by its controller stating that it has attempted to collect these debts and Defendants have ceased communication. (Kouba Decl. ¶ 10.) On this record, the Court finds that Plaintiff has shown a substantial likelihood of success on the merits of their claims.

Although purely monetary loss is not typically found to be an irreparable injury, dissipation of PACA's statutory trust is an exception to this rule. *See Frio Ice v.*

*Sunfruit, Inc.*, 918 F.2d 154, 159 (11th Cir. 1990); *Continental Fruit Co. V. Thomas J. Garziolis & Co.*, 774 F.Supp. 449, 453 (N.D. Ill. 1991) (stating that an argument that only monetary damages were at stake in an action to enjoin trust dissipation might be persuasive in the absence of the PACA statute). Because it is well accepted that once the trust is dissipated it is almost impossible for a beneficiary to obtain recovery, courts have held that dissipation of a PACA trust's assets is irreparable injury. *Id.*; *Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc.*, 222 F.3d 132, 139 (3d Cir. 2000) ("Thus, the prevention of trust dissipation becomes essential to any meaningful remedy at all."). Plaintiff here has submitted evidence showing that Defendants are likely dissipating trust assets. (Kouba Decl. ¶ 9.) Moreover, given the recent bankruptcy filings of companies associated with Defendants, it is likely that recovery of monetary damages from Defendants will be difficult, if not impossible. (*Id*. ¶ 10.) Therefore, the Court finds that Plaintiff has shown that it is likely to suffer irreparable injury if injunctive relief is not granted.

With respect to harm to the Defendant, PACA provides that buyers of produce are required to hold proceeds from the sale of such produce in trust for the benefit of the sellers. *See* 7 U.S.C. § 499e(c)(2). This is meant to ensure that sellers are paid in full from the proceeds derived from the re-sale of the produce. Under the statute, the trust is formed at the moment the produce is shipped to the buyer and remains in effect until the seller is paid in full. *See* 7 C.F.R. § 46.46(c)(1). The evidence shows that Plaintiff delivered perishable commodities to Defendants worth $266,646.95 and has

not received its trust proceeds for this exchange. (Kouba Decl. ¶ 6.) Because Defendants have a legal obligation to pay the trust assets to Plaintiff, they will not suffer harm if the Court orders them to fulfil this obligation. *See Tanimura*, 222 F.3d at 140. Accordingly, the Court finds that Plaintiff has satisfied the third prong of the test for injunctive relief.

Public interest also weighs in favor of granting an injunction. The underlying purpose of PACA's statutory trust provision is to protect perishable commodity producers such as Plaintiff in situations precisely like this. *See* 7 U.S.C. § 499e(c)(1) ("This subsection is intended to remedy such burden on commerce in perishable agricultural commodities and to protect the public interest."). In passing the statutory trust provisions, Congress explicitly noted that reducing the burden on commerce associated with production of perishable commodities was in the public interest. *Id*. Thus, the Court has little trouble finding that issuance of injunctive relief in this case is in the public interest.

**B.     Issuance of Relief Without Notice to Defendants**

Therefore, the Court finds that Plaintiff has met its burden with respect to all four factors and are entitled to injunctive relief. The sole remaining issue is whether Plaintiff should be granted this relief without notice to Defendants. A temporary restraining order, such as that requested here, may be issued without notice to the adverse party or its counsel only if "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before

the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1); *see also* D.C.COLO.LCivR 65.1(A). Where a plaintiff seeks such relief without notice to the adverse party, he should be able to show that notice would result in immediate, irreparable harm such that notice would "render fruitless the further prosecution of the action." *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006).

Here, Plaintiff has submitted an attorney certification which states that it has not attempted to provide notice to Defendants. (ECF No. 5-3.) Instead, Plaintiff contends that "notice should *not* be required, because notice will afford Defendants an opportunity to further dissipate trust assets which are required by statute to be held for the benefit of Plaintiff." (*Id*. at 1 (emphasis in original).) Given the evidence regarding Defendants' financial state and the clear law with respect to the impossibility of recovering trust assets after the trust has been dissipated, the Court finds that Plaintiff has satisfied Rule 65(b)(1) and further, that it has shown that notice is not required in this case. *See, e.g.*, *S. Katzman Produce, Inc. v. Depiero's Farm, Inc.*, No. 12-1384 (ES), 2012 WL 764235, at *2 (D.N.J. March 7, 2012) (granting TRO without notice to Defendants); *Batth v. Market 52, Inc.*, No. 1:11-cv-1806-AWI-SKO, 2011 WL 5240439, at *2 (E.D. Cal. Nov. 1, 2011) (same); *C&C Carriage Mushroom Co. v. Greenwood Choice, Inc.*, No. 10-62116-CIV, 2011 WL 5059557, at *1 (S.D. Fla. Nov. 24, 2010) (same).

### III. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Temporary Restraining Order Without Notice and Preliminary Injunction (ECF No. 5) is GRANTED in so far as it seeks a temporary restraining order and asks that the Court set a hearing on a preliminary injunction.  The Court therefore ORDERS as follows:

1. Defendants Liborio Markets #9, Inc., Liborio Markets #11, Inc., Liborio Colorado Holding Company, Liborio Holding Company, Triple A Grocers, Inc., John Alejo, Randy Alejo, Enrique M. Alejo, Enrique J. Alejo, and Anthony Trujillo, and their officers, agents, servants, employees, attorneys, and financial institutions, are all hereby restrained from dissipating and/or disbursing any and all trust funds, monies, and/or liquidated interests of any type whatsoever now in their possession or under their control that are generated by or resulting from the sale of perishable agricultural commodities, as well as any and all trust funds and/or monies hereafter received, except for payment in full to Plaintiff's counsel, until compliance with ¶ 2, below.

2. Within five business days of this Order, Defendants shall pay Plaintiff's counsel or, should a bona fide defense exist, deposit into an interest bearing escrow account with a federally-insured financial institution the amount of $266,646.95. No withdrawals from this account shall be made without Court approval, except for payment to Plaintiff's counsel.

3. Within five business days of this Order, Defendants shall serve this Order upon

any and all financial institutions with which they have a relationship.

4. Within five business days of this Order, Defendants shall provide Plaintiff's counsel and this Court with a verified and detailed accounting of business operations, including records concerning Defendants' assets, bank accounts, accounts receivable, accounts payable, including a list of all PACA Trust Creditors, operating expenses and sales.

5. A hearing on Plaintiff's Motion for Preliminary Injunction shall be held on **May 14, 2012** at **3:00 p.m.**, Courtroom A801 of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado 80294, at which time Defendants shall appear and show cause as to why Plaintiff's request for preliminary injunction should not be granted.

6. The $266,646.95 in PACA trust assets belonging to Plaintiff and in the possession of Defendants shall serve as Plaintiff's security for purposes of Fed. R. Civ. P. 65(c). No additional security need be provided.

7. Plaintiff shall serve a copy of all documents filed in this case, including the Complaint, Motion for Temporary Restraining Order Without Notice and Preliminary Injunction, and this Order upon Defendants by hand delivery and electronic mail (to the extent practicable) on or before Saturday, May 5, 2012.

8. This Order shall remain in full force and effect for ten days from the date of entry or until further Order of Court.

Dated this 3rd day of May, 2012.

BY THE COURT:

*[signature]*

William J. Martinez
United States District Judge