IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 12-cv-1145-WJM-BNB

FEDERAL FRUIT & PRODUCE COMPANY, a Colorado corporation

    Plaintiff,

v.

LIBORIO MARKETS #9, INC., a California corporation, in its corporate capacity d/b/a RANCHO LIBORIO,
LIBORIO MARKETS #11, INC., a California corporation d/b/a RANCHO LIBORIO,
LIBORIO COLORADO HOLDING COMPANY, a California corporation in its corporate capacity d/b/a RANCHO LIBORIO,
LIBORIO HOLDING COMPANY, a California corporation in its corporate capacity d/b/a RANCHO LIBORIO,
TRIPLE A. GROCERS, INC., a California corporation in its corporate capacity d/b/a LIBORIO MARKETS,
JOHN ALEJO, in his corporate and individual capacity,
RANDY ALEJO, in his corporate and individual capacity,
ENRIQUE M. ALEJO, in his corporate and individual capacity,
ENRIQUE J. ALEJO, in his corporate and individual capacity, and
ANTHONY TRUJILLO, in his corporate and individual capacity

    Defendants.

---

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

---

On May 2, 2012, Plaintiff Federal Fruit & Produce Company ("Plaintiff") filed this action against Liborio Markets #9, Inc., *et al.* ("Defendants") alleging violations of various provisions of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499 *et seq.* (ECF No. 1.) Contemporaneous with the filing of the Complaint, Plaintiff filed a Motion for Temporary Restraining Order Without Notice and Preliminary

Injunction ("Motion"). (ECF No. 5.) On May 3, 2012, the Court granted that Motion in so far as it sought a temporary restraining order against all Defendants. (ECF No. 9.)

## I. PRELIMINARY INJUNCTION HEARING

In the Order granting the TRO, the Court set a hearing for May 14, 2012. (*Id*. at 8.) Notice of the hearing was provided to all Defendants on or before May 7, 2012. (ECF No. 13.) At the hearing, Plaintiff was represented by attorney Ryan Gembala. Defendants John Alejo, Randy Alejo, Enrique M. Alejo, and Enrique J. Alejo (collectively the "Alejo Defendants") were represented by attorney Jack Tanner. Defendants Liborio Markets #9, Inc., Liborio Markets #11, Inc., Liborio Colorado Holding Company, Liborio Holding Company, and Triple A Grocers, Inc. (collectively the "Corporate Defendants") did not appear at the hearing. Defendant Anthony Trujillo also did not appear.

In support of its Motion for Preliminary Injunction, Plaintiff presented the live testimony of Stanley John Kouba, Plaintiff's majority stockholder and President. Mr. Kouba testified about the nature of Plaintiff's dealings with the Defendants, the attempts made to collect the outstanding balance owed to Plaintiff, and the detrimental impact of this debt on his business and personal financial security. Plaintiff offered one exhibit into evidence, a document entitled "Credit Information" which listed John Alejo, Enrique M. Alejo, Randy B. Alejo, and Anthony Trujillo as "owners" of Liborio Markets #7, Inc. (Pl.'s Ex. 4.) Plaintiff also moved the admission of a previously filed declaration of Theodore Kouba, Plaintiff's controller. (ECF No. 6-1.) That declaration stated that John Alejo, Randy Alejo, Enrique M. Alejo, Enrique J. Alejo, and Anthony Trujillo are

"principals" of the Corporate Defendants. (*Id*. ¶ 2.)

Additionally, the Court heard argument from counsel for Plaintiff and the Alejo Defendants. Plaintiff argued that the Court should extend the terms of the previously entered Temporary Restraining Order (ECF No. 9) against both the Corporate Defendants and the Alejo Defendants.[1] Counsel for the Alejo Defendants argued that Plaintiff had failed to introduce sufficient evidence to show that they were individually liable for dissipation of the PACA trust assets and, therefore, the preliminary injunction should be denied as to their individual capacities. The Alejo Defendants also argued that the proposed preliminary injunction would impose a significant hardship on them personally and was against the public interest. Because the Corporate Defendants did not appear at the hearing, there was no opposition offered on their behalf.

## II. LEGAL STANDARD

To prevail on a motion for injunctive relief, the movant must establish that four equitable factors weigh in his favor: (1) he is substantially likely to succeed on the merits; (2) he will suffer irreparable injury if the injunction is denied; (3) his threatened injury outweighs the injury the opposing party will suffer under the injunction; and (4) the injunction would not be adverse to the public interest. *See Westar Energy, Inc. v. Lake*, 552 F.3d 1215, 1224 (10th Cir. 2009). "[B]ecause a preliminary injunction is an

---

[1] Plaintiff's counsel moved to withdraw its request for a preliminary injunction against Defendant Anthony Trujillo. The request was unopposed and was granted by the Court. Accordingly, Mr. Trujillo is not a subject of the instant Motion nor of the Order the Court enters today.

extraordinary remedy, the right to relief must be clear and unequivocal." *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003).

### III.  ANALYSIS

As noted above, the Court has already granted Plaintiff's request for a temporary restraining order against all Defendants.[2]  (ECF No. 9.)  In the Court's May 3, 2012 Order, the Court found that, based on the documentary evidence filed by Plaintiff in connection with the Motion, Plaintiff had met its burden with respect to each of the four prongs for injunctive relief.  (*Id.*)  Because the Corporate Defendants failed to appear at the May 14, 2012 hearing, there is no new argument or evidence submitted on their behalf.  The Court has reviewed its prior reasoning and believes that it is still applicable.  Accordingly, for the reasons set forth in the Court's May 3, 2012 Order, Plaintiff's Motion for Preliminary Injunction is GRANTED with respect to the Corporate Defendants.  The terms of such injunction are set forth below.

The Alejo Defendants argue that Plaintiff has failed to meet its burden of showing that they Alejo Defendants are personally liable for dissipation of the PACA trust assets.  Though the Tenth Circuit does not appear to have addressed this issue, a number of other circuits have held that, to impose individual liability on a corporate shareholder, officer or director, the moving party must show that the individual is in a "position to control trust assets."  *Golman-Hayden Co., Inc. v. Fresh Source Produce,*

---

[2] At the May 14, 2012 hearing, the Court ordered that the Temporary Restraining Order was extended until May 15, 2012 and would be superceded by the issuance of this Order.

*Inc.*, 217 F.3d 348, 351 (5th Cir. 2000); *see also Weis-Buy Servs., Inc. v. Paglia*, 411 F.3d 415, 421 (3d Cir. 2005); *Patterson Frozen Foods, Inc. v. Crown Foods Int'l, Inc.*, 307 F.3d 666, 669 (7th Cir. 2002); *Hiller Cranberry Prods., Inc. v. Koplovsky*, 165 F.3d 1, 9 (1st Cir. 1999).

The only evidence in the record regarding the Alejo Defendants' roles within the various corporate entities is a declaration that they are all "principals" and that John, Enrique M., and Randy Alejo are "owners" of one of the corporations. (ECF No. 6-1; Pl.'s Ex. 4.)  There is no evidence regarding the degree of control that each of the Alejo Defendants had over the various corporate entities or whether they were in a position to control trust assets.  Plaintiff's counsel made various arguments about the inter-related nature of the Corporate Defendants (*e.g.*, that all of the Corporate Defendants use the same address where invoices are sent to and payments are sent from, all Corporate Defendants have the same officers, etc.) but there is no *evidence* in the record supporting counsel's argument.  Without evidence in support of this argument, it cannot be relied upon by this Court to order the relief Plaintiff requests against the Alejo Defendants.  *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1196 (10th Cir. 2003) (district court did not err in denying request for injunctive relief when plaintiff's counsel referred to a number of studies in his argument but failed to offer any evidence of such studies into the record).

To grant Plaintiff's request for a preliminary injunction, the Court must find that Plaintiff has shown a substantial likelihood of success on the merits of its claim.  *See*

*Golman-Hayden*, 217 F.3d at 351.  Because a preliminary injunction is an extraordinary remedy, Plaintiff's right to such relief must be "clear and unequivocal."  *Scrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005).  On the record currently before the Court, the Court finds that Plaintiff has failed to meet this high burden with respect to whether any of the Alejo Defendants were in a position to control the corporate entities such that they should be held individually liable for dissipation of the trust assets.  *See Golman-Hayden*, 217 F.3d at 351.

Because Plaintiff has failed to show a likelihood of success on the merits as to its claim for individual liability against the Alejo Defendants, the Court need not address the remaining factors.  *ACLU v. Johnson*, 194 F.3d 1149, 1155 (10th Cir. 1999) (a party seeking injunctive relief must satisfy <u>all</u> four factors).  Because Plaintiff has not met its burden with respect to one of the factors set forth above, its request for injunctive relief is denied as to the Alejo Defendants.

## IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. The Court's May 3, 2012 Order Granting Plaintiff's Motion for Temporary Restraining Order and Setting Hearing on Preliminary Injunction (ECF No. 9) is SUPERCEDED by this Order;

2. Plaintiff's Motion for Preliminary Injunction (ECF No. 5) is GRANTED IN PART and DENIED IN PART;

3. Plaintiff's Motion for Preliminary Injunction is DENIED as to the following

          Defendants: John Alejo, Randy Alejo, Enrique M. Alejo, and Enrique J. Alejo;

4. Plaintiff's Motion for Preliminary Injunction is GRANTED as to Liborio Markets #9, Inc., Liborio Markets #11, Inc., Liborio Colorado Holding Company, Liborio Holding Company, and Triple A. Grocers, Inc. (the "Corporate Defendants");

5. The Corporate Defendants and their officers, agents, servants, employees, attorneys, and financial institutions, are all hereby restrained from dissipating and/or disbursing any and all trust funds, monies, and/or liquidated interests of any type whatsoever now in their possession or under their control that are generated by or resulting from the sale of perishable agricultural commodities, as well as any and all trust funds and/or monies hereafter received, except for payment in full to Plaintiff's counsel, until compliance with ¶ b, below.

6. Within five business days of this Order, the Corporate Defendants shall pay Plaintiff's counsel or, should a *bona fide* defense exist, deposit into an interest bearing escrow account with a federally-insured financial institution the amount of $266,646.95. No withdrawals from this account shall be made without Court approval, except for payment to Plaintiff's counsel.

7. Within five business days of this Order, the Corporate Defendants shall serve this Order upon any and all financial institutions with which they have a relationship.

8. Within five business days of this Order, the Corporate Defendants shall provide Plaintiff's counsel and this Court with a verified and detailed accounting of

business operations, including records concerning Defendants' assets, bank accounts, accounts receivable, accounts payable, including a list of all PACA Trust Creditors, operating expenses, and sales.

9. The $266,646.95 in PACA trust assets belonging to Plaintiff and in the possession of the Corporate Defendants shall serve as Plaintiff's security for purposes of Fed. R. Civ. P. 65(c). No additional security need be provided.

10. Plaintiff shall promptly serve a copy of this Order on all Defendants that have yet to appear in this case.

11. This Order shall remain in full force and effect until further Order of Court.

Dated this 15th day of May, 2012.

BY THE COURT:

William J. Martinez
United States District Judge