**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-1145-WJM-BNB

FEDERAL FRUIT & PRODUCE COMPANY, a Colorado corporation,

    Plaintiff,

v.

LIBORIO MARKETS #9, INC., d/b/a RANCHO LIBORIO, a California corporation,
LIBORIO MARKETS #11, INC., d/b/a RANCHO LIBORIO, a California corporation,
LIBORIO COLORADO HOLDING COMPANY, d/b/a RANCHO LIBORIO, a California corporation,
LIBORIO HOLDING COMPANY, a California corporation,
TRIPLE A GROCERS, INC., d/b/a RANCHO LIBORIO, d/b/a LIBORIO MARKETS, a Nevada corporation,
JOHN ALEJO, in his corporate and individual capacity,
RANDY ALEJO, in her corporate and individual capacity,
ENRIQUE M. ALEJO, in his corporate and individual capacity,
ENRIQUE J. ALEJO, in his corporate and individual capacity, and
BANCO POPULAR NORTH AMERICA, a New York corporation,

    Defendants.

---

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

---

This Perishable Agricultural Commodities Act ("PACA") case has been brought by Plaintiff Federal Fruit and Produce Company ("Plaintiff") asserting a claim for $266,646.95 worth of perishable produce for which it has not been paid. This matter is before the Court on Plaintiff's Motion for Summary Judgment ("Motion") against Defendants John Alejo, Enrique M. Alejo, and Enrique J. Alejo (collectively the "Alejo Defendants"). (ECF No. 66.) The Alejo Defendants have not responded to the Motion. For the reasons set forth below, the Motion is granted.

## I. BACKGROUND

The relevant facts, all undisputed, are as follows. Plaintiff is a Colorado corporation that sells wholesale quantities of perishable agricultural commodities. (Am. Compl. (ECF No. 57) ¶ 23.) At all relevant times, Defendants Liborio Markets #9, Inc., Liborio Markets #11, Inc., Liborio Colorado Holding Company, Liborio Holding Company, and Triple A Grocers, Inc. (collectively "Liborio Markets") were corporate entities who are licensed under PACA to act as dealers and commission merchants of perishable agricultural commodities, and the Alejo Defendants were shareholders, officers, and directors of these entities. (ECF No. 66 Ex. A ¶¶ 4, 6.) The Alejo Defendants each participated in managing the business and financial operations of Liborio Markets, had authority to enter into binding agreements on behalf of Liborio Markets, were responsible for ensuring that PACA creditors were timely paid, and signed checks for Liborio Markets as partial payment for produce received from Plaintiff. (ECF No. 66 Exs. B, C, D, K.)

Between February 11, 2011, to September 17, 2011, Plaintiff sold fresh produce on credit worth $305,841.70 to Liborio Markets. (Declaration of Theodore Kouba (ECF No. 6-1) ¶¶ 6-8.) Of that amount, $266,646.95 remains unpaid. (*Id.*; Kouba Decl. Ex. A-1.) Each of the outstanding invoices sent by Plaintiff to Defendants contained the following language:

> The Perishable Agricultural Commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(C) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. § 499e(c)). The Seller of these Commodities retains his trust claim over these commodities, all inventories of food or other products derived from these commodities and any receivables or proceeds from the sale of these

    commodities until full payment is received.

(*E.g.*, ECF No. 1-1 at 7.)

  On May 2, 2012, Plaintiff filed a Complaint against John Alejo, Enrique M. Alejo, Enrique J. Alejo, Anthony Trujillo[1], Randy Alejo[2], Liborio Markets #9, Inc., Liborio Markets #11, Inc., Liborio Colorado Holding Company, Liborio Holding Company, and Triple A Grocers, Inc., alleging a claim to PACA trust assets in the amount of the unpaid principal, plus interest.  (ECF No. 1.)  On July 2, 2012, Plaintiff moved for an entry of default as to the Liborio Markets Defendants.  (ECF No. 33.)  Default was entered as to those parties the following day.  (ECF No. 34.)

  Plaintiff filed an Amended Complaint on November 12, 2012, adding a claim against Banco Popular North America.  (Am. Compl. ¶¶ 51-60.)  Plaintiff moved for an entry of default as to Banco Popular North America on January 3, 2013 (ECF No. 63), and default was entered the following day (ECF No. 64).  On February 22, 2013, Plaintiff's motions for default judgment against Defendants Liborio Markets and Banco Popular North America (ECF Nos. 83 & 65) were denied without prejudice to re-filing after the resolution of Plaintiff's claims against the individual Defendants.  (ECF No. 67.)

  Plaintiff filed the instant Motion on February 15, 2013.  (ECF No. 66.)  The Alejo Defendants filed no Response.

---

[1] On June 19, 2012, Plaintiff voluntarily dismissed its claim against Defendant Anthony Trujillo.  (ECF No. 31.)

[2] On June 28, 2012, the Alejo Defendants filed a Suggestion of Bankruptcy of Defendant Randy Alejo, and Plaintiff's claims as to her were subsequently stayed pursuant to 11 U.S.C. § 362 pending the outcome of such bankruptcy proceeding.  (ECF No. 32.)

## II. LEGAL STANDARD

Summary judgment is warranted under Federal Rule of Civil Procedure 56 "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). A fact is "material" if, under the relevant substantive law, it is essential to proper disposition of the claim. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231-32 (10th Cir. 2001). An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997).

Where the nonmoving party fails to respond to a motion for summary judgment, it waives its opportunity to controvert the facts asserted therein. *Reed v. Bennett*, 312 F.3d 1190, 1194 (10th Cir. 2002). However, prior to granting such an uncontested motion, the Court must "first examin[e] the moving party's submission to determine if it has met its initial burden of demonstrating that no material issues of fact remain for trial and the moving party is entitled to judgment as a matter of law." *Id.* at 1195. In analyzing a motion for summary judgment, a court must view the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

## III. ANALYSIS

Plaintiff's Motion argues that summary judgment is appropriate on its claims against the Alejo Defendants because there is no dispute that they were financial

managers of Liborio Markets, that they were responsible for ensuring that PACA trust assets were preserved, and that such assets were not preserved. (ECF No. 66 at 11-15.) Therefore, Plaintiff argues, the Alejo Defendants have breached their fiduciary duty under PACA, and are personally liable to Plaintiff for its losses where Liborio Markets are unable to satisfy the debt in full. (*Id.* at 11.)

In order to ensure payment from the proceeds from the sale of fresh produce, PACA provides that buyers of that produce are required to hold proceeds from its sale in trust for the benefit of the sellers. *See* 7 U.S.C. § 499e(c)(2). Under the federal regulations implementing PACA, the trust is formed at the moment the produce is shipped to the buyer and remains in effect until the seller is paid in full. *See* 7 C.F.R. § 46.46(c)(1). The regulations provide that payment for perishable agricultural commodities is due no later than 30 days after delivery. *See id.* § 46.2(aa).

Plaintiff has presented uncontested evidence showing that a PACA trust was created in its favor and that PACA trust assets remain unpaid. Plaintiff's invoices contained the language prescribed by PACA that preserves a seller's trust rights. (ECF No. 1-1); 7 U.S.C. § 499e(c)(4). The invoices also show that Plaintiff delivered produce to Liborio Markets through most of 2011, with $266,646.95 remaining unpaid. (ECF No. 1-1; Kouba Decl. ¶ 6.) Plaintiff has submitted a declaration from its controller stating that it has attempted to collect its trust proceeds, but that Defendants have ceased communication. (Kouba Decl. ¶ 10.)

However, to merit summary judgment in its favor as to the Alejo Defendants, Plaintiff must show that the Alejo Defendants are personally liable for the payment of the trust assets. (*See* ECF No. 66 at 11-16.) Though there is no binding authority from

the Tenth Circuit on this issue, a number of other circuits have held that a corporate shareholder, officer or director in a "position to control trust assets" may be individually liable for the dissipation of these assets through the theory of a breach of fiduciary duty as to the PACA trust. *Golman-Hayden Co., Inc. v. Fresh Source Produce, Inc.*, 217 F.3d 348, 351 (5th Cir. 2000) (holding that while the PACA licensed merchant bears primary liability for distributing trust assets, where the merchant's assets "are insufficient to satisfy the PACA liability, then others may be held secondarily liable if they had some role in causing the corporate trustee to commit the breach of trust"); *see also Bear Mountain Orchards, Inc. v. Mich–Kim, Inc.*, 623 F.3d 163, 170-71 (3d Cir. 2010) (collecting cases from the First, Second, Seventh, Fifth, and Ninth Circuits). This Court follows the Courts of Appeals' majority rule imposing secondary liability on individuals in the role of fiduciary with respect to a PACA trust. *See Freshpack Produce, Inc. v. VM Wellington LLC*, 2013 WL 50433, at *7 (D. Colo. Jan. 3, 2013).

The Alejo Defendants admitted in their responses to discovery requests that they were shareholders, officers, or directors of Liborio Markets, and were each responsible for the financial management of Liborio Markets. (ECF No. 66 Ex. B at 2-3, Ex. C at 2-3, Ex. D at 2-3.) Their financial management roles included the authority to sign checks in payment to PACA creditors, and they were each responsible in part for ensuring that PACA creditors were timely paid. (*Id.* Ex. B at 3-6, Ex. C at 3-6, Ex. D at 3-6.) Plaintiff has submitted copies of Liborio Markets checks with which Plaintiff was paid for produce, each signed by one of the Alejo Defendants, demonstrating their check signing authority and financial management roles. (*Id.* Ex. K; *see also* Ex. F at 5-6, Ex.

H at 5-6, Ex. J at 5-6 (admitting identity of check signatories)).)  Such admissions establish that the Alejo Defendants were in a "position to control trust assets," and in fact managed and distributed such assets.  *See Golman-Hayden*, 217 F.3d at 351.

Furthermore, the Alejo Defendants admitted in discovery that Liborio Markets' relevant stores are closed and out of business (ECF No. 66 Ex. B at 10, Ex. C at 10, Ex. D at 10), and admitted in their Answer that "Plaintiff is an *unpaid* creditor, supplier and seller of perishable agricultural commodities as those terms are defined under PACA."  (ECF No. 28 ¶ 23, Am. Compl. ¶ 23 (emphasis added).)  These admissions support the Court's finding that the Liborio Markets Defendants are in debt to Plaintiff, that the trust assets have not been preserved, and that the Liborio Markets are unable to satisfy such debt.  Because the Alejo Defendants admitted responsibility for ensuring that the trust assets were preserved, and for ensuring that Plaintiff was timely paid for the produce received, there is no factual dispute underlying their liability for any breach of their fiduciary duty with respect to the PACA trust.  *See Golman-Hayden*, 217 F.3d at 351.  Thus, where Liborio Markets fail to satisfy Plaintiff's claim to the trust assets at issue here, the Court finds the Alejo Defendants personally liable to satisfy such a claim.  *Id.*  Accordingly, summary judgment is appropriate as against the Alejo Defendants.

However, insofar as Plaintiff's Motion seeks an entry of judgment in Plaintiff's favor, the Court finds such request premature, as Plaintiff's claims against Randy Alejo remain stayed, and Plaintiff has not moved for partial judgment under Federal Rule of Civil Procedure 54.  When Plaintiff's claims are resolved against all Defendants and final judgment as to all claims is entered, the Alejo Defendants will be liable in the

amount of $266,646.95, plus pre-judgment interest at the rate of $131.50 per day, plus post-judgment interest as set by statute, and Plaintiff shall have its costs.

## IV.  CONCLUSION

In accordance with the foregoing, the Court hereby ORDERS as follows:

1. Plaintiff's Motion for Summary Judgment (ECF No. 66) is GRANTED with regard to Plaintiff's claims against John Alejo, Enrique M. Alejo, and Enrique J. Alejo; and

2. This case remains pending against Randy Alejo, Liborio Markets #9, Inc., Liborio Markets #11, Inc., Liborio Colorado Holding Company, Liborio Holding Company, Triple A Grocers, Inc., and Banco Popular North America.

Dated this 10th day of September, 2013.

BY THE COURT:

_____
William J. Martínez
United States District Judge