IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 12-cv-1145-WJM-BNB

FEDERAL FRUIT & PRODUCE COMPANY, a Colorado corporation,

    Plaintiff,

v.

LIBORIO MARKETS #9, INC., d/b/a RANCHO LIBORIO, a California corporation,
LIBORIO MARKETS #11, INC., d/b/a RANCHO LIBORIO, a California corporation,
LIBORIO COLORADO HOLDING COMPANY, d/b/a RANCHO LIBORIO, a California corporation,
LIBORIO HOLDING COMPANY, a California corporation,
TRIPLE A GROCERS, INC., d/b/a RANCHO LIBORIO, d/b/a LIBORIO MARKETS, a Nevada corporation,
JOHN ALEJO, in his corporate and individual capacity,
RANDY ALEJO, in her corporate and individual capacity,
ENRIQUE M. ALEJO, in his corporate and individual capacity,
ENRIQUE J. ALEJO, in his corporate and individual capacity, and
BANCO POPULAR NORTH AMERICA, a New York corporation,

    Defendants.

## ORDER GRANTING MOTION TO SET ASIDE
## CLERK'S ENTRY OF DEFAULT

This Perishable Agricultural Commodities Act ("PACA") case has been brought by Plaintiff Federal Fruit and Produce Company ("Plaintiff") asserting a claim for the value of perishable produce for which it has not been paid.  Before the Court is Defendant Banco Popular North America's Motion to Set Aside Clerk's Entry of Default ("Motion").  (ECF No. 72.)  For the reasons set forth below, the Motion is granted.

## I.  BACKGROUND

Plaintiff is a Colorado corporation that sells wholesale quantities of perishable agricultural commodities.  (Am. Compl. (ECF No. 57) ¶ 23.)  Plaintiff filed a Complaint on May 2, 2012, asserting that various corporate and individual defendants related to or doing business as Rancho Liborio (collectively the "Liborio Defendants") were liable under PACA for failure to preserve and pay the proceeds of a PACA trust created when Plaintiff sold them produce.  (ECF No. 1.)  On October 5, 2012, Plaintiff filed an Amended Complaint, adding a claim against Defendant Banco Popular North America ("Banco") alleging that Banco had received assets belonging to the PACA trust, and had thereby breached the trust.  (Am. Compl. p. 12.)

Banco was served with the Summons and Amended Complaint on November 21, 2012.  (ECF No. 59.)  On January 3, 2013, because Banco had filed neither an answer nor a responsive pleading, Plaintiff filed a Motion for Entry of Default.  (ECF No. 63.)  A Clerk's Entry of Default was entered against Banco on January 4, 2013.  (ECF No. 64.)  On March 28, 2013, an attorney entered an appearance on behalf of Banco (ECF No. 71), and the following day, Banco filed the instant Motion.  (ECF No. 72.)  Plaintiff filed a Response on April 4, 2013.  (ECF No. 73.)  Banco filed its Reply on April 18, 2013.  (ECF No. 76.)

## II.  LEGAL STANDARD

When a defendant "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P.

55(a). However, the Court may set aside an entry of default for "good cause". Fed. R. Civ. P. 55(c). "[I]n determining whether a defendant has met the good cause standard," courts consider "(1) whether the default was the result of culpable conduct of the defendant, (2) whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant presented a meritorious defense." *Hunt v. Ford Motor Co.*, 65 F.3d 178 (10th Cir. 1995) (unpublished) (citing *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992)). The factors are not "talismanic," and a court may choose not to consider all three factors, or to consider additional factors. *Id.*

While "[t]he preferred disposition of any case is upon its merits and not by default . . . , this judicial preference is counterbalanced by considerations of social goals, justice and expediency, a weighing process which lies largely within the domain of the trial judge's discretion" when considering a motion to set aside a default. *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970); *see also Katzson Bros., Inc. v. U.S. E.P.A.*, 839 F.2d 1396, 1399 (10th Cir. 1988) (noting that "default judgments are not favored by courts").

### III.  ANALYSIS

Banco argues in its Motion that it has shown good cause to set aside the Clerk's entry of default, because it was not culpable for its default, Plaintiff will not be prejudiced by the granting of the Motion, and it has a meritorious defense. (ECF No. 72 at 4-6.) The Court will consider each factor in turn.

### A. Culpable Conduct

"Generally a party's conduct will be considered culpable only if the party defaulted willfully or has no excuse for the default." *United States v. Timbers Pres., Routt Cnty., Colo.*, 999 F.2d 452, 454 (10th Cir. 1993) (citing 6 James W. Moore *et al.*, Moore's Federal Practice ¶ 55.10[1] (2d ed. 1992)). Conversely, an unintentional or good faith mistake is not considered culpable conduct for the purposes of Rule 55(c). *See id.*; *see also United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1092 (9th Cir. 2010) (describing "culpable conduct" as "intentionally" failing to answer, or acting in bad faith in order to take advantage of the opposing party, to interfere with judicial decisionmaking, or otherwise trying to manipulate the legal process).

Further, a party's prompt motion to set aside an entry of default serves to mitigate any culpability that may exist. *Jenkins & Gilchrist v. Groia & Co.*, 542 F.3d 114, 123 (5th Cir. 2008); *Zen & Art of Clients Server Computing, Inc. v. Res. Support Assocs., Inc.*, 2006 WL 1883173, at *2 (D. Colo. July 7, 2006) (citing *Savin Corp. v. C.M.C. Corp.*, 98 F.R.D. 509, 51011 (N.D. Ohio 1983) (finding that a mistaken delay in response was not willful because the defendant "expeditiously moved to remedy his mistake")).

Here, Banco claims that it simply misplaced Plaintiff's Amended Complaint and mistakenly failed to respond to it, and such an honest, good faith mistake constitutes good cause. (ECF No. 72 at 4 (citing *Zen & Art*, 2006 WL 1883173, at *2).)

Additionally, Banco argues that because Plaintiff was in communication with its bankruptcy counsel in connection with the bankruptcy proceedings of several of the Liborio Defendants, Plaintiff should have informed Banco directly of its actions in seeking Banco's default. (*Id.*)

In Response, Plaintiff argues that Banco's purported mistake, without more, does not constitute a valid excuse or justification for its delay in responding, and that in fact, Plaintiff sent a courtesy copy of the Amended Complaint to Banco's bankruptcy counsel soon after it was filed. (ECF No. 73 at 7-8.) Because Banco has not asserted an excuse such as that in *Zen & Art*—"a good faith mistaken belief regarding procedural questions"—and because it waited nearly two months after the entry of default to file the instant Motion, Plaintiff argues that Banco's default constitutes culpable conduct. (*Id.* at 8 (citing *Zen & Art*, 2006 WL 1883173, at *3-4).)

Although the Court agrees that Banco's stated justification is weak in comparison to that in the cited case law, Banco's delay in responding was not attributable to culpable conduct as that case law defines it. *See, e.g., Signed Pers. Check No. 730*, 615 F.3d at 1092. While the Court rejects Banco's unsupported argument that Plaintiff should have attempted to confer prior to moving for an entry of default, there is no evidence that Banco's delay was intentional, willful, or in bad faith. Rather, Plaintiff asks the Court to assume that Banco's delay was willful merely because Banco was properly served and is a "professional, licensed bank". (ECF No. 73 at 7.) If service of process on a corporation were sufficient to establish culpable conduct, no corporation in default would ever be able to set aside that default. By all indications, Banco made a

5

good faith error in relying on its bankruptcy counsel to alert it to the relevant deadlines in a non-bankruptcy proceeding. Thus, under the liberal "good cause" standards of Rule 55(c), the lack of culpable conduct weighs in favor of setting aside the entry of default.

**B.     Prejudice to Plaintiff**

Banco argues that Plaintiff will suffer no prejudice because no trial date has been set, the pretrial conference has been vacated at Plaintiff's request, and Banco is amenable to reopening discovery. (ECF No. 72 at 4-5; ECF No. 76 at 3-4.) Plaintiff contends in its Response that it has been prejudiced because the discovery and dispositive motion deadlines have already passed.[1] (ECF No. 73 at 8.)

The Court notes that none of the Liborio Defendants has actively participated in this case since before the Amended Complaint was filed.[2] On July 3, 2012, default was entered against the five corporate Defendants, several of which are out of business and none of which has entered an appearance through counsel. (ECF No. 34.) On

---

[1] Plaintiff also argues that it has been prejudiced by its expenditure of time and resources in seeking Banco's default and in opposing the instant Motion, asking for fees and costs in the event this Court grants this Motion. (ECF No. 73 at 11-12.) Pursuant to this Court's practice standards and this District's local rules, the Court has already denied without prejudice the request for fees Plaintiff included in its Response. (ECF No. 74.) Plaintiff has since renewed its request in a Motion for Attorneys' Fees and Costs (ECF No. 75), which the Court will decide in a separate order.

[2] A Response to Plaintiff's Motion for Leave to File an Amended Complaint was filed by counsel for three of the individual Defendants, but it included no argument against the proposed amendment, explaining instead that the individual Defendants were no longer in communication with their counsel, and that counsel's Motion to Withdraw was pending. (ECF No. 54.) The Motion to Withdraw was subsequently granted, and the individual Defendants, now proceeding *pro se*, have failed to respond to subsequent filings. (ECF No. 55.)

September 10, 2013, the Court granted summary judgment in Plaintiff's favor against three of the individual Defendants, who failed to oppose Plaintiff's motion. (ECF No. 79.) Because no Defendant has substantively participated in this case since the Scheduling Order was entered, before Banco was joined as a Defendant, Plaintiff has lost no time with regard to its opportunity to prepare its case against Banco. Further, Banco has agreed to extend the discovery and dispositive motion deadlines, negating any prejudice to Plaintiff. (*See* ECF No. 76 at 3-4.) Accordingly, the Court finds little to no prejudice to Plaintiff from the granting of the instant Motion, and this factor also weighs in favor of setting aside the entry of default.

C.   **Meritorious Defense**

In determining whether a defendant has sufficiently a meritorious defense to set aside an entry of default, "the court examines the allegations contained in the moving papers to determine whether the movant's version of the factual circumstances surrounding the dispute, if true, would constitute a defense in the action." *In re Stone*, 588 F.2d 1316, 1319 (10th Cir. 1978); *Signed Pers. Check No. 730*, 615 F.3d at 1094 (noting that "[a]ll that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense").

Here, Banco asserts that it financed the construction of the Rancho Liborio stores in question, including fixtures and furniture, and that the assets it recovered from foreclosure of the stores were not subject to PACA. (ECF No. 72 at 5-6.) Plaintiff argues that the assets Banco received were either obtained from the sale of produce,

and thus were part of the PACA trust, or were commingled with PACA trust assets such that PACA applies to require their disgorgement. (ECF No. 73 at 10-11.) The parties' disagreement is, in effect, a factual dispute about the state of the Liborio Defendants' finances and the source of the assets Banco received. If the facts are found to be as Banco has alleged, they would constitute a defense to Plaintiff's claims. The Court rejects Plaintiff's argument that "Banco does not cite or attach one shred of evidence" supporting its defenses, as at this stage of the proceedings Banco need only allege, not prove, facts establishing a potentially meritorious defense. *Stone*, 588 F.2d at 1319. Banco has come forward with a defense that it should have the opportunity to assert before the finder of fact, and this factor also weighs in favor of setting aside the default.

In sum, the Court finds that Banco has demonstrated that its failure to timely respond resulted from an honest error, that it agrees to extend the relevant deadlines to avoid any prejudice to Plaintiff, and that it has potentially meritorious defenses. Given that "[t]he preferred disposition of any case is upon its merits and not by default," the Court finds that Banco has made a showing of good cause under Rule 55(c) to set aside the clerk's entry of default. *See Gomes*, 420 F.2d at 1366.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Defendant Banco's Motion to Set Aside Clerk's Entry of Default (ECF No. 72) is GRANTED and the Clerk's Entry of Default as to Banco (ECF No. 64) is VACATED; and

2.      Defendant Banco shall file an answer or responsive pleading **on or before September 30, 2013**.

Dated this 11th day of September, 2013.

BY THE COURT:

*[signature]*

William J. Martinez
United States District Judge