**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-1145-WJM-BNB

FEDERAL FRUIT & PRODUCE COMPANY, a Colorado corporation,

    Plaintiff,

v.

LIBORIO MARKETS #9, INC., d/b/a RANCHO LIBORIO, a California corporation,
LIBORIO MARKETS #11, INC., d/b/a RANCHO LIBORIO, a California corporation,
LIBORIO COLORADO HOLDING COMPANY, d/b/a RANCHO LIBORIO, a California corporation,
LIBORIO HOLDING COMPANY, a California corporation,
TRIPLE A GROCERS, INC., d/b/a RANCHO LIBORIO, d/b/a LIBORIO MARKETS, a Nevada corporation,
JOHN ALEJO, in his corporate and individual capacity,
RANDY ALEJO, in her corporate and individual capacity,
ENRIQUE M. ALEJO, in his corporate and individual capacity,
ENRIQUE J. ALEJO, in his corporate and individual capacity, and
BANCO POPULAR NORTH AMERICA, a New York corporation,

    Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION
FOR ATTORNEYS' FEES AND COSTS**

---

This Perishable Agricultural Commodities Act ("PACA") case has been brought by Plaintiff Federal Fruit and Produce Company ("Plaintiff") asserting a claim for the value of perishable produce for which it has not been paid. Before the Court is Plaintiff Federal Fruit and Produce Company's Motion for Attorneys' Fees and Costs ("Motion"). (ECF No. 75.) For the reasons set forth below, the Motion is granted.

**I. BACKGROUND**

Plaintiff is a Colorado corporation that sells wholesale quantities of perishable

agricultural commodities.  (Am. Compl. (ECF No. 57) ¶ 23.)  Plaintiff filed a Complaint on May 2, 2012, asserting that various corporate and individual defendants related to or doing business as Rancho Liborio (collectively the "Liborio Defendants") were liable under PACA for failure to preserve and pay the proceeds of a PACA trust created when Plaintiff sold them produce.  (ECF No. 1.)  On October 5, 2012, Plaintiff filed an Amended Complaint, adding a claim against Defendant Banco Popular North America ("Banco") alleging that Banco had received assets belonging to the PACA trust, and had thereby breached the trust.  (Am. Compl. p. 12.)

Banco was served with the Summons and Amended Complaint on November 21, 2012.  (ECF No. 59.)  On January 3, 2013, because Banco had filed neither an answer nor a responsive pleading, Plaintiff filed a Motion for Entry of Default.  (ECF No. 63.)  A Clerk's Entry of Default was entered against Banco on January 4, 2013.  (ECF No. 64.)  On March 29, 2013, Banco filed a Motion to Set Aside the Clerk's Entry of Default.  (ECF No. 72.)  On April 4, 2013, Plaintiff filed a Response to the Motion to Set Aside, within which Plaintiff requested an award of attorneys' fees and costs in the event that the Court granted Banco's motion and set aside the entry of default.  (ECF No. 73.)  The Court denied Plaintiff's request for fees without prejudice because it was contained within a response rather than in a separate motion.  (ECF No. 74.)  Plaintiff then filed the instant Motion requesting the attorneys' fees and costs expended as a result of Banco's default.  (ECF No. 75.)  Banco filed a Response opposing the Motion (ECF No. 77), and Plaintiff filed a Reply (ECF No. 78).

On September 11, 2013, the Court granted Banco's Motion to Set Aside the Entry of Default, finding that Banco's failure to timely respond to the Amended

Complaint was neither willful nor unduly prejudicial to Plaintiff.  (ECF No. 80.) Accordingly, Plaintiff's Motion is now ripe for disposition.

## II.  DISCUSSION

Plaintiff contends that it was prejudiced by Banco's failure to respond to its Complaint in that it had to expend resources in moving for the clerk's entry of default and for default judgment, and was also forced to file a response to Banco's motion to set aside the entry of default.  (ECF No. 75 at 2.)  In response, Banco argues that Plaintiff is partially at fault for its default because Plaintiff was in communication with Banco's bankruptcy counsel and should have informed Banco through counsel of its intent to seek Banco's default.  (ECF No. 77 at 3-4.)

"[I]n determining whether a defendant has met the good cause standard" to set aside a clerk's entry of default, courts consider multiple factors, including "whether the plaintiff would be prejudiced if the default should be set aside." *Hunt v. Ford Motor Co.*, 65 F.3d 178 (10th Cir. 1995) (unpublished) (citing *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992)).  In the Court's Order setting aside the Clerk's entry of default, the Court found that because the other Defendants had failed to participate actively in the case, the case had never progressed beyond its initial stages, and thus Banco's delay in responding did not prejudice Plaintiff in its ability to prepare its case against Banco. (ECF No. 80 at 6-7.)  However, the Court did not discuss Plaintiff's expenditure of time and resources in seeking Banco's default, reserving such discussion for the instant Order.  (*Id.* at 6 n.1.)

The Court finds that Banco's failure to timely respond was the cause of Plaintiff's expenditure of resources in seeking Banco's default, and Plaintiff is therefore entitled to be compensated for such expenses in order to mitigate any prejudice to Plaintiff. With respect to Banco's contention that Plaintiff is partially at fault for the default, in the Court's order setting aside the entry of default the Court rejected this argument, holding that Plaintiff had no duty to confer prior to moving for an entry of default against a party that had been properly served. (ECF No. 80 at 5; *see also* ECF No. 72 at 4.) Banco's Response to the instant Motion provides no reason for the Court to reconsider this ruling. Banco admitted in its Motion to Set Aside that its default resulted from its own error in misplacing Plaintiff's Amended Complaint. (ECF No. 72 at 4.) Although Banco's delay in responding was not intentional or willful (*see* ECF No. 80 at 5), Plaintiff must not be required to bear the expense of Banco's error.

Accordingly, the Court finds that Plaintiff is entitled to its reasonable attorneys' fees and costs in filing its Motion for Entry of Default, its Motion for Default Judgment, its Response to Banco's Motion to Set Aside Clerk's Entry of Default, and the instant Motion for Attorneys' Fees and Costs, as well as in preparing documentation supporting the amounts requested.

### III.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Motion for Attorneys' Fees and Costs (ECF No. 75) is GRANTED; and
2. Plaintiff is DIRECTED to file documentation supporting the amounts sought on or before December 17, 2013. Defendant Banco may file a response on or before December 24, 2013. No reply shall be permitted.

Dated this 3rd day of December, 2013.

BY THE COURT:

_____
William J. Martínez
United States District Judge