IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-01145-WJM-BNB

FEDERAL FRUIT & PRODUCE COMPANY,

Plaintiff,

v.

LIBORIO MARKETS #9, INC.,
LIBORIO MARKETS #11, INC.,
LIBORIO COLORADO HOLDING CO.,
LIBORIO HOLDING CO.,
TRIPLE A GROCERS, INC.,
JOHN ALEJO, individually and in his corporate capacity,
RANDY ALEJO, individually and in her corporate capacity,
ENRIQUE M. ALEJO, individually and in his corporate capacity,
ENRIQUE J. ALEJO, individually and in his corporate capacity, and
BANCO POPULAR NORTH AMERICA,

Defendants.
_____

**ORDER**
_____

This matter arises on the parties' **Joint Motion to Amend October 9, 2013 Scheduling Order** [Doc. # 102, filed 4/4/2014] (the "Motion for Extension"), which is DENIED.

The parties request a four month extension of all pretrial deadlines, arguing:

> 4.  Prior to the filing of this lawsuit, several entities which are related to the other Defendants herein filed petitions for bankruptcy in the U.S. Bankruptcy Court for the Central District of California. . . .
>
> 5.  Both Federal Fruit and the Bank are actively involved in pursuing claims in these bankruptcy.
>
> 6.  The California bankruptcy court encouraged Federal Fruit, the Bank, and others to consider mediation of their claims, and the parties tot he present case turned their focus from discovery in this

>matter to the possible resolution of the claims at issue in this case as well as those at issue in the California bankruptcy proceedings.
>
>7. As it appears currently, the California bankruptcy proceedings are not postured for immediate resolution.

Motion for Extension [Doc. # 102] at ¶¶4-7.

Proceedings in this action already have been prolonged. The Complaint was filed nearly two years ago, on May 2, 2012. Banco Popular North America (the"Bank") failed to answer or otherwise respond, and the Clerk entered default on January 4, 2013. Entry of Default [Doc. # 64]. The Bank moved to set aside the default on March 29, 2013, Motion to Overturn [Doc. # 72], which was granted on September 11, 2013. Order [Doc. # 80].

Meanwhile, the initial Scheduling Order was entered on July 20, 2012. Scheduling Order [Doc. # 41]. It allowed the normal six month discovery period and set the discovery cut-off on January 21, 2013; the dispositive motion deadline on February 21, 2013; and a pretrial conference on April 4, 2013.

The plaintiff moved for summary judgment on February 15, 2013. Plaintiff's Motion for Summary Judgment [Doc. # 66]. On March 20, 2013, the plaintiff moved to continue the final pretrial conference until after its motion for summary judgment was determined, arguing that the ruling "would either greatly narrow the issues for trial, or eliminate the need for a trial at all." Motion to Continue [Doc. # 68] at pp. 1-2. I granted the Motion to Continue, Order [Doc. # 70], vacating the final pretrial conference and requiring the plaintiff to file a status report at the earlier of ten days after a ruling on the Motion for Summary Judgment of September 23, 2013. The district judge granted the motion for summary judgment but, in doing so, noted that "[t]his case remains pending against Randy Alejo, Liborio Markets #9, Inc., Liborio Markets #11, Inc.,

Liborio Colorado Holding Company, Liborio Holding Company, Triple A Grocers, Inc., and Banco Popular North America." Order [Doc. # 79, filed September 10, 2013] at p. 8.

Because the Bank was new to the case, having been relieved of its default on September 11, 2013, I held a status conference and reset the schedule. The modified schedule allowed an additional six months for discovery and set a discovery cut-off on April 11, 2014; the dispositive motion deadline on May 9, 2014; and a pretrial conference on August 6, 2014. Order [Doc. # 91].

A scheduling order may be amended only on a showing of good cause. Fed. R. Civ. P. 16(b)(4). In this regard:

> Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that the scheduling deadlines cannot be met despite a party's diligent efforts. . . . Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

Colorado Visionary Academy v. Medtronic, Inc., 194 F.R.D. 684, 687 (D. Colo. 2000)(internal quotation and citation omitted).

The parties offer little in the way of specifics in support of the Motion for Extension. In particular, there are no details as to when the California bankruptcy court "encouraged" mediation or when that mediation occurred. Even if those details were provided, parties are expected in this district to pursue settlement and discovery at the same time.

The parties unapproved delay in conducting discovery for six months while they pursued compromise in connection with other actions does not constitute good cause to amend the scheduling order. The parties, in the exercise of reasonable diligence, could and should have

completed pretrial proceedings within the time allowed.

      IT IS ORDERED that the Motion for Extension [Doc. # 102] is DENIED.

      Dated April 9, 2014.

                                              BY THE COURT:

                                              s/ Boyd N. Boland
                                              United States Magistrate Judge