**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-1145-WJM-BNB

FEDERAL FRUIT & PRODUCE COMPANY, a Colorado corporation,

      Plaintiff,

v.

LIBORIO MARKETS #9, INC., d/b/a RANCHO LIBORIO, a California corporation,
LIBORIO MARKETS #11, INC., d/b/a RANCHO LIBORIO, a California corporation,
LIBORIO COLORADO HOLDING COMPANY, d/b/a RANCHO LIBORIO, a California corporation,
LIBORIO HOLDING COMPANY, a California corporation,
TRIPLE A GROCERS, INC., d/b/a RANCHO LIBORIO, d/b/a LIBORIO MARKETS, a Nevada corporation,
JOHN ALEJO, in his corporate and individual capacity,
RANDY ALEJO, in her corporate and individual capacity,
ENRIQUE M. ALEJO, in his corporate and individual capacity,
ENRIQUE J. ALEJO, in his corporate and individual capacity, and
BANCO POPULAR NORTH AMERICA, a New York corporation,

      Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT
AND GRANTING JOINT MOTION TO ADMINISTRATIVELY CLOSE CASE**

---

      This Perishable Agricultural Commodities Act ("PACA") case has been brought by Plaintiff Federal Fruit and Produce Company ("Plaintiff") asserting a claim for the value of perishable produce for which it has not been paid.  Before the Court are Plaintiff's Motion for Entry of Final Judgment Against Defendants John Alejo, Enrique M. Alejo, and Enrique J. Alejo pursuant to Federal Rule of Civil Procedure 54(b) ("Rule 54(b) Motion") (ECF No. 83), and Joint Motion to Administratively Close Case Pursuant to D.C.COLO.LCivR 41.2 ("Joint Motion to Close") (ECF No. 133).  For the reasons set forth below, the Rule 54(b) Motion is denied, and the Joint Motion to Close is granted.

# I.  BACKGROUND

Plaintiff is a Colorado corporation that sells wholesale quantities of perishable

agricultural commodities.  (Am. Compl. (ECF No. 57) ¶ 23.)  Plaintiff filed a Complaint

on May 2, 2012, asserting that various corporate and individual defendants related to or

doing business as Rancho Liborio were liable under PACA for failure to preserve and

pay the proceeds of a PACA trust created when Plaintiff sold them produce.  (ECF No.

1.)  On July 3, 2012, default was entered against Defendants Liborio Colorado Holding

Company, Liborio Holding Company, Liborio Markets #11, Inc., Liborio Markets #9, Inc.,

and Triple A Grocers, Inc. (collectively the "Corporate Defendants") due to their failure

to appear or defend.  (ECF No. 34.)

On October 5, 2012, Plaintiff filed an Amended Complaint, adding a claim

against Defendant Banco Popular North America ("Banco") alleging that Banco had

received assets belonging to the PACA trust, and had thereby breached the trust.  (Am.

Compl. p. 12.)  The Amended Complaint seeks an order holding all Defendants jointly

and severally liable on the debt owed to Plaintiff in the amount of its PACA trust claim.

(*Id.* p. 13.)

On February 15, 2013, Plaintiff filed a Motion for Summary Judgment against

Defendants John Alejo, Enrique M. Alejo, and Enrique J. Alejo (collectively the

"Individual Defendants")[1].  (ECF No. 66.)  As the Individual Defendants stopped

participating in this action after their counsel withdrew on October 26, 2012 (ECF No.

---

[1] The Court will refer to these three Defendants as the Individual Defendants despite the existence of a fourth Defendant, Ms. Randy Alejo, who is also an individual, because this matter is stayed as to Ms. Alejo due to her bankruptcy filing on May 30, 2012.  (*See* ECF Nos. 32; 57 at 2 n.1.)

56), they did not respond to the Motion for Summary Judgment.  On September 10, 2013, the Court granted summary judgment against the Individual Defendants, and noted that it would enter judgment against them when Plaintiff's claims against all Defendants had been resolved.  (ECF No. 79 at 7-8.)

On September 23, 2013, Plaintiff filed the instant Rule 54(b) Motion requesting the entry of final judgment against the Individual Defendants.  (ECF No. 83.)  Banco filed a Response opposing the Rule 54(b) Motion due to Plaintiff's allegation that it was jointly and severally liable with the Individual and Corporate Defendants for payment of the PACA trust assets at issue.  (ECF No. 92.)  However, Banco's opposition was later withdrawn by a Stipulation, filed on May 27, 2014, in which Plaintiff and Banco agreed that Banco would not be deemed jointly and severally liable with the Individual Defendants if the Court were to grant the Rule 54(b) Motion and enter final judgment against them.  (ECF No. 131.)  Accordingly, the Rule 54(b) Motion is now unopposed.

Contemporaneous with the filing of the Stipulation, Plaintiff and Banco filed the instant Joint Motion to Close.  (ECF No. 133.)  In the Joint Motion to Close, the parties requested that the Court administratively close the case after ruling on the Rule 54(b) Motion, because the parent corporations of the Corporate Defendants had filed for bankruptcy in the Central District of California.  (*Id.* at 2.)  The Joint Motion to Close also noted that both Plaintiff and Banco were involved in an adversary proceeding before the bankruptcy court regarding many of the same issues involved in the instant case.  (*Id.* at 2-3.)  No other party filed any response to the Joint Motion to Close. Therefore, both Motions are ripe for disposition.

3

## II.  DISCUSSION

### A.    Rule 54(b) Motion

Federal Rule of Civil Procedure 54(b) states that "when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, . . . parties only if the court expressly determines that there is no just reason for delay."  Rule 54(b) was adopted to codify the "historic rule in the federal courts [which] has always prohibited piecemeal disposition of litigation . . . [and] to avoid the possible injustice of a delay in judgment of a distinctly separate claim to await adjudication of the entire case."  Fed. R. Civ. P. 54(b) advisory committee's note.

"Rule 54(b) entries are not to be made routinely . . . trial courts should be reluctant to enter Rule 54(b) orders since the purpose of this rule is a limited one: to provide a recourse for litigants when dismissal of less than all their claims will create undue hardships."  *Okla. Tpk. Auth. v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001) (internal quotations omitted).  To grant a motion under Rule 54(b), a court must make two "express determinations": (1) that the relevant order is a final order, and (2) that there is no just reason to delay entry of judgment until a conclusive ruling has been made on all claims and all parties to the case.  *Id.*

As to the first determination, the Court finds that its Order Granting Summary Judgment (ECF No. 79) was a final order for the purposes of Rule 54(b), as it finally and fully resolved all claims against the Individual Defendants.  Therefore, the Court must proceed to the second determination, whether there is any just reason to delay an entry of judgment.  To make this determination, the Court must weigh judicial

4

administrative interests against the potential injustice resulting from a delay in entering judgment, considering factors such as whether entering partial judgment might engender piecemeal appeals, or whether the claims at issue are "separable from the others remaining to be adjudicated." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980).

Plaintiff argues that the risk of piecemeal appeals in this matter is minimal, because its claim against Banco is distinct from its claim against the Individual Defendants.  (ECF No. 83 at 5.)  As Plaintiff further notes, it is unlikely that the Individual Defendants would seek to appeal the entry of judgment against them, as they have failed to defend in this case since October 26, 2012, and did not file any opposition to the Motion for Summary Judgment.  (*Id.*); *see also Onyx Props. LLC v. Bd. of Cnty. Comm'rs*, 916 F. Supp. 2d 1191, 1211 (D. Colo. 2012) ("This is not the usual case of the losing party requesting the entry of final judgment under Rule 54(b)" for the purposes of an interlocutory appeal).  The Court agrees that due to the Corporate Defendants' default and the Individual Defendants' lack of participation, piecemeal appeals are unlikely in this case.

However, the Court cannot find that the claims resolved against the Individual Defendants in the Order Granting Summary Judgment are "separable from the others remaining to be adjudicated." *Curtiss-Wright*, 446 U.S. at 8.  Rather, with the exception of Banco based on the Stipulation, all Defendants are to be held jointly and severally liable for precisely the same quantity of PACA trust assets, based on the same set of claims of failure to maintain the PACA trust.  (*See* Am. Compl. pp. 6-10.)  Plaintiff's claim against Banco, though not identical to its claims against the other Defendants,

5

substantially overlaps with the other claims because Plaintiff seeks disgorgement of the same PACA trust assets at issue in the other claims.  (Am. Compl. p. 12.)  Such intertwined claims weigh against granting the 54(b) Motion, because separate disposition of each claim could produce differing results and administrative complexities.

Plaintiff contends that it faces hardship from a delay in the entry of judgment because the Individual Defendants could further dissipate PACA trust assets during the delay.  (ECF No. 83 at 5.)  However, the Court has already entered a Preliminary Injunction in this case that restrains Defendants from dissipating PACA trust assets.  (*See* ECF No. 18 at 7.)  Furthermore, based on Plaintiff's representations, the same PACA trust assets are the subject of the bankruptcy proceeding brought by the parent corporations of the Corporate Defendants, and any dissipation of such assets will be actively policed by the bankruptcy court.  (*See* ECF No. 133 at 2.)  Thus, the Court finds that any hardship to Plaintiff does not outweigh the general presumption against entering judgment under Rule 54(b).

Because the Court has not found that there is "no just reason for delay" of entry of judgment against the Individual Defendants, it cannot grant Plaintiffs relief under Rule 54(b).  Therefore, Plaintiff's 54(b) Motion is denied.

## B.    Joint Motion to Close

Plaintiff and Banco's Joint Motion to Close requests administrative closure of this case pursuant to D.C.COLO.LCivR 41.2 based on a pending bankruptcy proceeding.  (ECF No. 133.)  If one of the Defendants themselves had filed a bankruptcy petition,

the claims against them in this case would be automatically stayed.  *See* 11 U.S.C. §

362; (ECF No. 32 (bankruptcy of Randy Alejo).)  Here, the bankruptcy petition was not

filed by any of the Defendants, but rather by the Corporate Defendants' parent

corporation.  However, Plaintiff and Banco assert that the adversary proceeding in the

bankruptcy court likely "will resolve the issues between them".  (ECF No. 133 at 4.)

Because Plaintiff and Banco, the only parties currently participating in this case, seek to

resolve their claims in the pending bankruptcy case and a related mediation, the case

will effectively be stayed indefinitely.  (*See id.*)

Therefore, the Court grants the Joint Motion to Close and administratively closes

this action, subject to reopening for good cause on motion by any party after the

resolution of the bankruptcy and related proceedings.

### III.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.     Plaintiff's Motion for Entry of Final Judgment Against Defendants John Alejo,

Enrique M. Alejo, and Enrique J. Alejo (ECF No. 83) is DENIED WITHOUT

PREJUDICE; and

2.     The Joint Motion to Administratively Close Case Pursuant to D.C.COLO.LCivR

41.2 (ECF No. 133) is GRANTED, and this matter shall be administratively

closed.  Any party may seek leave to reopen this case, for good cause shown,

once all matters related to the above-mentioned bankruptcy filing have been

resolved.

Dated this 24th day of June, 2014.

BY THE COURT:

_____
William J. Martinez
United States District Judge